UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-5

| Case No. | CV 09-8637 CAS (Ex) | Date | May 25, 2010 |
|---|---|---|---|
| Title | JOSE LUIS ROSALES, et al., v. RESMAE MORTGAGE CORPORATION, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| NOT PRESENT | NOT PRESENT |

**Proceedings:** (In Chambers:) ORDER TO SHOW CAUSE RE: WHY PENDING UNLAWFUL DETAINER ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

## I. INTRODUCTION & BACKGROUND

On October 22, 2009, plaintiffs Jose Luis Rosales and Daniel Mercado filed the instant action in Los Angeles County Superior Court against defendants ResMAE Mortgage Corporation ("ResMAE"); Regional Trustee Services ("RTS"); HSBC Bank USA, National Association, as trustee for ACE Securities Corp. Home Equity Trust, Series 2005-RM1 ("HSBC Bank"); and Does 1 through 10. Plaintiff alleged claims for (1) declaratory relief; (2) injunctive relief; (3) wrongful foreclosure based on violation of Cal. Civ. Code §§ 2924; 2923.6; and Cal. Code of Civ. P. § 2015.5; (4) quiet title; and (5) cancellation of deed. On October 26, 2009, the Superior Court issued an order consolidating the instant action with a previously filed unlawful detainer action filed by HSBC Bank against plaintiffs, in the Los Angeles County Superior Court, HSBC Bank v. Rosales, et al., Case No. 09Q01547 (the "unlawful detainer action"). Thereafter, on November 23, 2009, HSBC Bank removed the instant action to this Court on the basis of diversity jurisdiction.

On February 11, 2010, the Court granted defendant HSBC Bank's motion to dismiss with leave to amend within 21 days. Because plaintiffs failed to timely amend their complaint, the Court dismissed the complaint with prejudice against defendant HSBC Bank on March 9, 2010.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-5

| Case No. | CV 09-8637 CAS (Ex) | Date | May 25, 2010 |
|---|---|---|---|
| Title | JOSE LUIS ROSALES, et al., v. RESMAE MORTGAGE CORPORATION, et al. | | |

On March 24, 2010, the Court issued an order to plaintiffs to show cause not later than April 6, 2010, why the instant action should not be dismissed for lack of prosecution as to the remaining defendants ResMAE Mortgage Corporation and Regional Trustee Services. In accordance with plaintiffs' request filed April 6, 2010, the Court dismissed the action with prejudice against ResMAE Mortgage Corporation and dismissed without prejudice defendant Regional Trustees for lack of prosecution.

On April 29, 2010, HSBC Bank filed a notice that the unlawful detainer action is still pending.

## II.   DISCUSSION

The question of whether a claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to the complaint. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9-10 (1983). Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. V. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27-28. As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim." Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

Jurisdiction founded on diversity requires that parties be in complete diversity and the amount in controversy exceed $75,000. Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1) ("the district courts shall have original jurisdiction of all civil actions where the matter of controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . ."). Federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant. 28 U.S.C. §§ 1332(a), 1332(c)(1).

Remand may be ordered either for lack of subject matter jurisdiction or for any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-5

| Case No. | CV 09-8637 CAS (Ex) | Date | May 25, 2010 |
|---|---|---|---|
| Title | JOSE LUIS ROSALES, et al., v. RESMAE MORTGAGE CORPORATION, et al. | | |

defect in removal procedure. See 28 U.S.C. § 1447(c). Section 1447(c) provides, in pertinent part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. § 1447(c). The Ninth Circuit has held that "post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006). However, unless the amended complaint presents an independent jurisdictional basis for the state law claims, namely diversity, the court may decline to exercise supplemental jurisdiction over pendent state law claims when the federal claim has been dismissed and upon a determination that retaining jurisdiction over the case would be inappropriate. See id. at 977; 28 U.S.C. § 1367(c)(3); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988) (finding that "the discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine").

In the instant case, although defendants removed on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1331, the instant action was dismissed in its entirety. The only claim pending is the unlawful detainer action filed by HSBC Bank against plaintiffs, in the Los Angeles County Superior Court, HSBC Bank v. Rosales, et al., Case No. 09Q0154, and consolidated with the instant action by the Superior Court on October 26, 2009. In its Notice of Removal, HSBC Bank fails to provide the Court with a copy of the unlawful detainer complaint.[1] Title 28 U.S.C. Section 1446 of Title 28 requires defendants seeking removal to file in the district court to which they are seeking to remove an action a notice of removal and a copy of all process, pleadings and orders served upon them in the action sought to be removed. 28 U.S.C. § 1446(a). Although this defect is merely procedural, hence correctable, the filing of these documents is required because it is the state law complaint to which the court looks to determine whether it has jurisdiction over the removed action. Thus, it is unclear based on the record, whether the unlawful detainer complaint presents an independent basis for finding that diversity jurisdiction exists. Accordingly, defendant HSBC Bank is hereby ORDERED to SHOW

---

[1] Exhibit B attached to the Notice of Removal is a copy of the case summary from the Los Angeles Superior Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-5

| Case No. | CV 09-8637 CAS (Ex) | Date | May 25, 2010 |
|---|---|---|---|
| Title | JOSE LUIS ROSALES, et al., v. RESMAE MORTGAGE CORPORATION, et al. | | |

CAUSE on or before **June 8, 2010**, why the instant action should not be remanded for lack of subject matter jurisdiction.

   IT IS SO ORDERED.

                                                                                               00 : 00

                                                        Initials of Preparer      CMJ